IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL NO. 1:08-CV-428 |
| | § | (JURY DEMANDED) |
| 6.09 ACRES OF LAND, MORE OR LESS, | § | |
| SITUATED IN CAMERON COUNTY, | § | |
| TEXAS, AND ROLLINS M. KOPPEL, | § | |
| TRUSTEE, ET AL., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT'S RESPONSE TO UNITED STATES' MOTION
FOR PROTECTIVE ORDER AND TO QUASH DEPOSITION NOTICES**

The Defendant, Rollins M. Koppel, Trustee, files this his Response to the United States' Motion for Protective Order and to Quash Deposition Notices, showing the Court as follows:

**(1)** **The Government Has Made Repeated Misrepresentations to this Court** in its Motion in an effort to preclude Mr. Koppel from deposing two people who are believed to have knowledge of significant facts regarding the Border Wall in Brownsville: Loren Flossman and David Pagan. Incredibly, the Government deliberately failed to disclose Mr. Flossman and Mr. Pagan as persons with knowledge of relevant facts, when it was these two people who have been integrally involved in negotiations with other property owners regarding potential solutions to the negative impacts the Border Wall was having on retail/commercial and other developments in Brownsville and its environs, and even met with Mr. Koppel in which he addressed similar concerns regarding his property. On April 29, 2008, they attended and took a prominent role in a meeting of ten or more people to discuss with Mr. Koppel questions he had regarding the type, location, and construction of the Border Wall, and in which he voiced his concerns about the Border Wall's adverse impact on the use of his property. As a matter of fact, on that same day,

immediately preceding the meeting with Mr. Koppel, Mr. Flossman and Mr. Pagan met with various City of Brownsville officials to address their complaints regarding the negative impacts the Border Wall would have on a proposed retail/commercial development on a property just east of the Koppel property on the other side of the B&M Bridge. Moreover, Mr. Flossman has met in D.C. and even shuttled around the United States discussing with private developers the negative impacts the Border Wall would have on retail development in downtown Brownsville – the same issue involved in the case at bar—and alternatives to the proposed Border Wall so that such developments could be preserved. Nevertheless, the Government has flat out misrepresented to this Court that these people "know nothing" relevant or calculated to lead to relevant evidence in this case. These types of misrepresentations to hide a witness from discovery should not be tolerated.

**(2)** **With No Shame and Wholly in Disregard of the Truth,** the Government, in an effort to shield Flossman and Pagan from depositions, has represented to this Court repeatedly that Mario Villarreal and Ryan Scudder "are the most knowledgeable government witnesses on the relevant topics." *Plaintiff's Motion* at 2. The Government even represented to this Court that "Mr. Villarreal [is] more knowledgeable regarding the property at issue [than Flossman and Pagan] and can testify to all relevant issues and bind the government with [his] statements." *Plaintiff's Motion* at 7. This is not true, and the Government knew it, or reasonably should have known it, when it made this representation to the Court and Koppel's counsel. In Villarreal's deposition on December 2, 2009, Mr. Villarreal admitted he really knew nothing about Mr. Koppel's property or anything connected with it, and it was only in the last several weeks when he was told his deposition was going to be taken that he was shown an aerial identifying the location of Mr. Koppel's property. Other than that, he conceded there was really nothing else he

could offer. Flabbergasted by Villarreal's revelation in the deposition, Koppel's counsel asked the Government's lawyer for an explanation as to why the Government misrepresented the facts regarding Villarreal's knowledge, both to the Court and in response to discovery requests. Incredibly, the Government's counsel's explanation: he just found out **the night before** the deposition that what he had represented to Koppel's counsel and to the Court in its Motion for Protective Order was untrue. Consequently, the Government unnecessarily caused Koppel's counsel to travel to Brownsville at significant expense to take a deposition of a person who was someone who was not who the Government represented him to be, and still stands on the misrepresentations made to the Court in its Motion to get the relief it is requesting. This conduct is wholly inexcusable, and is in complete disregard of the truth.

**(3)** **The Misrepresentations Don't Stop**. The Government goes on to say in its Motion that at the April 29, 2008 meeting, at which Flossman and Pagan were participants, "[n]o detailed discussions were held regarding the construction of the fence or Defendant's concerns regarding river access or the aesthetic quality of the fence." Plaintiff's *Motion* at 5. This statement, too, is false. Concerns about the "fence", and its type, location, and construction is what the meeting was all about, which Ryan Scudder confirmed in his December 2 deposition, stating that the proposed height, type, and location of the Border Wall were discussed. The reason Mr. Koppel wanted to know these things, which he expressed at the meeting, was because the value of his property was in great jeopardy because of the Government's proposed Border Wall.

**(4)** **Adequate Notice of Depositions**. The Deposition Notices of Mr. Flossman and Mr. Scudder were sent to the Government on November 20, 2009, after discussions with the Government's counsel. It was not until the afternoon of December 1, 2009, more than 10 days

3

later, that the Government filed its Motion for Protective Order at a time Koppel's counsel was en route to Brownsville to take depositions in this case. The Government was given adequate notice, and its complaint that it was not, even if it may have any merit (which there is none), was not made timely.

**(5)** **Depositions in Houston**. Mr. Flossman and Mr. Pagan are full of relevant evidence that goes directly to the market value issue in this case. Their deposition notices were timely served for depositions on December 3, 2009. Koppel's counsel was in Brownsville prepared to take them on that date although Koppel was led to believe by Government's counsel that in all likelihood Flossman and Pagan would not show. However, in light of the Government's untimely Motion filed on the afternoon of December 1, 2009 to quash the depositions, Koppel was precluded from taking the depositions in Brownsville for the date noticed and, consequently, the discovery has been further delayed based on the disingenuous representations made by the Government. Since Flossman and Pagan are in D.C., the more convenient place for them to fly is Houston, not Brownsville. Koppel requests their depositions in Houston within the next two weeks at a time selected by Koppel's counsel.

Respectfully submitted,

s/ H. Dixon Montague
H. Dixon Montague
VINSON & ELKINS LLP
Federal I.D. No. 561
State Bar No. 14277700
1001 Fannin Street, Suite 2500
Houston, Texas 77002-6760
Telephone: 713.758.2086
Facsimile: 713.615.5461
Email: dmontague@velaw.com
**ATTORNEY-IN-CHARGE**
**FOR DEFENDANT, ROLLINS M.**
**KOPPEL, TRUSTEE**

**OF COUNSEL:**
Billy Coe Dyer
VINSON & ELKINS LLP
Federal I.D. No. 7446
State Bar No. 06312580
1001 Fannin Street, Suite 2500
Houston, Texas 77002
Telephone:  713.758.2252
Facsimile:   713.615.5790
Email:  bdyer@velaw.com

Rollins M. Koppel
Federal I.D. No. 3828
State Bar No. 11680000
Koppel – Dunkin Building
1305 North Stuart Place Road
P.O. Box 271
Harlingen, Texas 78551
Telephone:  956.412.2029
Facsimile:   956.412.2032
Email:  rollinskoppel@yahoo.com

### CERTIFICATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 37(a)(1)

I hereby certify that in accordance with Federal Rule of Civil Procedure 37(a)(1), counsel for Defendant Koppel has in good faith conferred or attempted to confer with Plaintiff's counsel in an effort to secure the requested discovery without involving the Court. These good faith efforts on the part of Defendant Koppel have included email, and written correspondence with opposing counsel that have identified the discovery of information that Defendant Koppel now seeks through its Motion and Memorandum to Compel Discovery as well as attempts to discuss these matters with opposing counsel by telephone.

    s/ H. Dixon Montague
    **H. Dixon Montague**

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of December, 2009, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

*Attorney for Plaintiff*
E. Paxton Warner
Assistant United States Attorney
600 East Harrison, Suite 201
Brownsville, Texas 78520

*Defendant, The State of Texas, Acting By and*
*Through the Texas Secretary of State*
Kristina Silcocks
Assistant Attorney General
Office of the Attorney General
Transportation Division
P.O. Box 12548
Austin, Texas 78711

*Defendant, Texas Southmost College District*
Daniel L. Rentfro, Jr.
Law Office of Daniel L. Rentfro, Jr.
P.O. Box 6355
Brownsville, Texas 78523

s/ H. Dixon Montague